**In re DREXEL BURNHAM LAMBERT GROUP, INC., et al., Debtors.**

**Bankruptcy No. 90 B 10421 (FGC).**

United States Bankruptcy Court, S.D. New York.

May 26, 1992.

M.S. Kirschner, Jones, Day, Reavis & Pogue, New York City, for Official Committee of Unsecured Creditors of the Drexel Burnham Lambert Group, Inc. (Group Committee).

A.B. Miller, Weil, Gotshal & Manges, New York City, for Drexel Burnham Lambert Group, Inc. (debtor).

H. Jones, New York City, U.S. Trustee.

MEMORANDUM OF DECISION ON RETENTION OF FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF DREXEL BURNHAM LAMBERT GROUP, INC.

FRANCIS G. CONRAD, Bankruptcy Judge.[*]

This matter[1] is before us by "Notice of Proposed Order under Section 1103 of the Bankruptcy Code Authorizing Retention and Employment *NUNC PRO TUNC* of Rothschild Inc. as Financial Advisor to the

---

[*] Sitting by special designation.

1. Our subject matter jurisdiction over this matter arises under 28 U.S.C. § 1334(b) and the order dated February 19, 1991 (Pollack, J.), which withdrew the reference to this Court under 28 U.S.C. § 157(d) and 11 U.S.C. § 105(a), and simultaneously re-referred to us jurisdiction over all core and non-core related matters. This is a core matter under 28 U.S.C. § 157(b)(2)(A). This Memorandum of Decision constitutes conclusions of law under F.R.Civ.P. Rule 52, as made applicable by findings of fact and F.R.Bkrtcy. P. 7052.

Official Committee of Unsecured Creditors of the Drexel Burnham Lambert Group, Inc." The Office of the United States Trustee opposes and Debtor objects. We will deny the retention request because we are not provided with sufficient data to support the retention.

The factual and procedural history of these cases has been adequately described elsewhere and does not need to be repeated here. We state only what is necessary for an understanding of this Memorandum.

Immediately after its formation, Group Committee realized that because of the complex nature of these cases, it required the assistance of financial advisors to discharge its duties under § 1103.

To obtain this assistance, Group Committee, after interviewing four financial advisory firms, selected Rothschild, Inc.

On July 1, 1990, Rothschild was retained *nunc pro tunc.* This Court amended that retention on May 28, 1991.

On October 30, 1991 we entered a Memorandum of Decision on Reasonableness of Professional Fees. 133 B.R. 13 (Bkrtcy. S.D.N.Y.1991). In our Memorandum, we recognized the contribution of Rothschild in these cases, but directed, based upon concerns raised in the Memorandum, that if Rothschild wished to be retained on a "going forward" basis it would be required to submit a retention application that conformed to the guidelines set forth in the Memorandum.

On January 21, 1992, an application was submitted on behalf of Rothschild, Inc. by Group Committee. Rothschild's application fails to comply with our Memorandum in two respects. First, it fails to provide the projected salaries of participating professionals. Second, it fails to publicly disclose either comparable non-bankruptcy investment banker retention fees or comparable bankruptcy retention fees.

After we indicated that we would not approve the retention, efforts were made by the parties and the Court to come to a suitable compromise. A last ditch effort was made on March 5, 1992, during the Debtor's confirmation hearing, when this Court met in Chambers with several members of Group Committee and their advisor.

We recognize the limitations of our reasonable fee analysis in the October 25, 1991 Memorandum; however, we also recognize the need to receive data that will enable us to value the services of financial advisors. Unfortunately, Rothschild is not willing to provide us with the data requested. Accordingly, we will deny their application for retention.